URICK v. UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—FINDING OF APPEAL BOARD—
   GREAT WEIGHT OF EVIDENCE—SOLICITATION OF UNION MEMBER-
   SHIPS DURING LUNCH HOUR.

   Finding of appeal board of the unemployment compensation
   commission that plaintiff had solicited union memberships
   during her lunch hour *held*, not supported by the great weight
   of the evidence, hence properly reversed by the circuit court
   (CL 1948, § 421.38).

2. SAME—SOLICITATION OF UNION MEMBERSHIPS—WORKING HOURS—
   EMPLOYER'S PROPERTY.

   While the solicitation of union memberships during working
   hours may be prohibited by the employer, it is not within the
   employer's province to prohibit such solicitation by an em-
   ployee outside of working hours, although on the employer's
   property, such latter restriction being deemed an unreasonable
   impediment to the exercise of the right of self-organization
   (CL 1948, § 421.38).

Appeal from Oakland; Doty (Frank L.), J.   Sub-
mitted June 9, 1949.   (Docket No. 17, Calendar No.
44,264.)   Decided September 8, 1949.

Certiorari by Marian Urick against Michigan Un-
employment Compensation Commission to review
order of appeal board denying her compensation.
Order reversed.   Stainless Ware Company of Amer-
ica, employer, appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  48 Am Jur, Social Security, Unemployment Insurance and
        Retirement Funds, § 38.
[1, 2]  What amounts to "misconduct" which precludes benefits un-
        der unemployment compensation act to discharged employees.
        146 ALR 243.

*Harold A. Cranefield* and *A. L. Zwerdling (Irving J. Levy,* of counsel), for plaintiff.

*Clark, Klein, Brucker & Waples (H. William Butler,* of counsel), for defendant employer.

Butzel, J. Marian Urick, claimant and appellee, was summarily discharged on April 22, 1947, by the Stainless Ware Company of America, her employer and appellant herein, hereinafter referred to as the employer. The claimant applied for unemployment compensation after her discharge. The employer contended she was discharged because of misconduct connected with her work and therefore disqualified for benefits under the unemployment compensation act for the duration of her unemployment following her discharge. The defendant Michigan unemployment compensation commission upheld the employer's contentions and denied her compensation. Claimant then asked for a hearing before a referee, who after the hearing reversed the board and awarded her benefits under the act. The finding of the referee was reversed by the defendant appeal board of the Michigan unemployment compensation commission, which held that claimant had solicited on the employer's property in violation of the "reasonable" rule of the employer and, therefore, was discharged for misconduct connected with her work within the meaning of the pertinent provisions of the act. Claimant then appealed by writ of certiorari to the circuit court for the county of Oakland and the circuit judge held that claimant was entitled to unemployment compensation, reversing the finding of the appeal board on the ground that there was no solicitation shown. The CIO represented the claimant. The employer was permitted to intervene and has appealed.

At the hearing before the referee the following facts were shown. The employer employs approximately 200 persons, some of whom come from neighboring farms. For some time past, the employer had attempted to stop solicitation by its employees on company property of sales of farm products, needlework, subscriptions to flower funds, et cetera. On April 9, 1947, it had posted, in prominent places in its plant, notices stating that in accordance with a long-standing policy soliciting of any kind was forbidden at any time on company property and violation of this rule would result in immediate discharge. Claimant was familiar with this notice. Claimant, shortly before her discharge, had attended a union meeting and was interested in organizing her fellow employees. The employer did not recognize any union as a bargaining agent, and evidently wanted to keep its employees from joining a union. Claimant further claimed that she had been assured by a representative of the national labor relations board that she could give out union cards during her free or lunch time, but to restrict it to such time. At the hearing claimant admitted that she had solicited union memberships during her lunch hour, but not during working hours. However, the following incident alone brought about her discharge. This is not controverted. It was stated by her as follows:

"On this April the 22d, I was in the cafeteria, sitting at the lunch table, Ethel Waddenstorer was sitting at the same table I was. I was on my lunch hour. The conversation was just general, and she asked me how the union was coming along—she knew I was a member—and I said, 'We are doing all right.' She said, 'I guess we will all have to join sooner or later,' and I asked, 'What do you mean by that?' and she said—well, I just can't tell you the exact words, I don't know, but anyway she said I could give her a card, so I gave her this card. I

don't know if anyone saw me give her this card. It was before the whistle blew."

Immediately after the lunch hour she was discharged for violation of the rule against soliciting.

The employer in its appeal contends that claimant was discharged for cause. It stresses the provisions of the law that the circuit court may reverse the appeal board upon a question of fact only if such finding by the appeal board is contrary to the great weight of the evidence. CL 1948, § 421.38 (Stat Ann 1947 Cum Supp § 17.540). Also, see *Godsol* v. *Unemployment Compensation Commission,* 302 Mich 652 (142 ALR 910).

The sole violation for which claimant was discharged, as heretofore quoted, did not show any solicitation. A natural conversation took place during the noon hour, and another employee, not claimant, asked for a union card. The appeal board erroneously held that claimant did the soliciting. If what was done can even be regarded as soliciting, claimant might be termed the "solicitee" not the "solicitor." The great weight of the testimony did not support the finding of the appeal board. As the circuit judge stated in his opinion:

"What is the meaning of 'soliciting?' According to Webster's Collegiate Dictionary, the word 'solicit' is defined 'to entreat, importune, to plead for, to tempt, beseech, crave, implore.' After analysis of the testimony above quoted, if any soliciting was done. it was done by Ethel Waddenstorer and not the appellant. In view of the testimony, there is no possible manner in which the appellant could be construed as the aggressor, or in any way complying with Webster's definition of 'solicit.'"

Claimant also relies on the Taft-Hartley act (labor managenment relations act of 1947) which contains similar provisions to those in the national labor

relations act, that are pertinent to the case before us, and which have been passed on by the United States supreme court. In *Republic Aviation Corp.* v. *National Labor Relations Board,* 324 US 793 (65 S Ct 982, 89 L ed 1372, 157 ALR 1081), the court in affirming the board in upholding the right of an employee to solicit union membership outside of working hours, but on company property, quoted with approval the statement of the national labor relations board as follows:

"The board has held that, while it was 'within the province of an employer to promulgate and enforce a rule prohibiting union solicitation during working hours,' it was not 'within the province of an employer to promulgate and enforce a rule prohibiting union solicitation by an employee outside of working hours, although on company property,' the latter restriction being deemed an unreasonable impediment to the exercise of the right of self-organization."

The judgment of the circuit court is affirmed, with costs to the appellee against the appellant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.